**UNITED STATES DISTRICT COURT**
**District of New Jersey**

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

**LETTER OPINION**
**ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT**

April 4, 2007

**Re:** **Gunson v. Accounts Receivable**
**Civil Action No. 07-374**

Dear Parties:

On January 22, 2007, *pro se* Plaintiff, James R. Gunson, filed a complaint in this court against Accounts Receivable Technologies BC ("Accounts Receivable") and Vanguard Anesthesia Associates of New Jersey, P.C. ("Vanguard") alleging that he was wrongfully billed $298.00 in violation of the Fair Debt Collection Act, the Fair Credit Reporting Act, and the New Jersey Fraud Prevention Act.[1]

It appears that on or about October 6, 2006, Vanguard billed Plaintiff $298.00 for anesthesia services provided to Plaintiff's wife, who was covered under Plaintiff's medical insurance policy with Horizon Blue Cross Blue Shield of New Jersey ("Horizon"). Plaintiff did not pay the $298.00, believing that he was only obligated to pay a co-payment of $39.20, which Plaintiff had already submitted to Vanguard. When Plaintiff did not pay the $298.00, Vanguard submitted Plaintiff's name to Accounts Receivable, a debt collection agency. Accounts Receivable then sent two letters to Plaintiff in December 2006 in an attempt to collect the $298.00 debt for Vanguard.

In the meantime, on October 24, 2006, Horizon advised Plaintiff that it believed that Vanguard's billing practice was improper and that it was working to resolve this issue. In particular, Horizon advised Plaintiff that the only amount he should submit to Vanguard for his wife's anesthesia services was $39.20, which Plaintiff had already submitted. In another letter, which is undated, but which appears to have been sent on January 4, 2007,[2] Horizon informed

---

[1] Although Plaintiff has recently filed an application for default judgment against Richard Klugman, president and owner of Vanguard, Plaintiff failed to name Klugman as a defendant in his complaint. However, Plaintiff has sought to name Klugman as a defendant in two motions to amend the complaint filed on February 2, 2007 and March 1, 2007.

[2] Horizon's subsequent letter, dated January 23, 2007, references the January 4, 2007 letter. Furthermore, Plaintiff wrote at the bottom of the undated letter "Received by Reg Mail on

Plaintiff that it initiated a lawsuit against Vanguard in the Superior Court of New Jersey, Morris County, seeking to enjoin Vanguard from improperly billing Horizon customers, such as Plaintiff.

On January 23, 2007, Horizon sent Plaintiff a letter (which Plaintiff attached in his submissions to the Court), stating that on January 9, 2007, the Honorable Catherine Langlois entered an order mandating that Vanguard cease and desist from balance billing Horizon members until further order of the court. The order also required, among other things, that Vanguard take a variety of steps to ensure that the credit reports of Horizon customers were not negatively impacted by Vanguard's actions. Fred Landrum, Chief Operating Officer of Accounts Receivable, indicated in a letter dated February 22, 2007, that pursuant to Judge Langlois's order, all collection activity in this regard has ceased, that no accounts had been reported to the credit bureau, and that no reporting will take place with respect to Plaintiff and his wife.[3]

It appears that despite Horizon's continued assurance that it would pursue Plaintiff's rights against Vanguard in Court, and ready success in doing so, Plaintiff filed and has since pursued the instant lawsuit challenging Vanguard's billing practices.[4] Furthermore, Plaintiff's written representations to the Court on or about March 23, 2007 indicate that Plaintiff has agreed to settle the instant lawsuit. However, Plaintiff continues filing documents in this case.

In light of the foregoing, attached to this letter opinion is an order to show cause requiring Plaintiff to show cause, in writing, by April 25, 2007, why:

(1)     The instant complaint should not be dismissed for lack of jurisdiction as moot considering Judge Langlois's decision; and

(2)     This instant complaint should not, in the alternative, be marked as "settled" given Plaintiff's admission that "on 3/12/07 Plaintiff agreed on an amount to settle differences among ourselves without having a trial." See Plaintiff's Motion (March 23, 2007) at ¶ 5.

Should Plaintiff fail to comply with the attached order to show cause, this matter will be dismissed. To the extent Plaintiff complies with this order and the Court is satisfied that this action should proceed, the Court will then consider the merits of Plaintiff's pending motions to amend his complaint and application for default judgment. An appropriate order accompanies this letter opinion.

                                                                 s/ Jose L. Linares
                                                                 United States District Judge

---

1/8/07." He initialed this notation with "JG."

[3] Interestingly, all the communications cited in this letter opinion were submitted by Plaintiff.

[4] It appears that Plaintiff also filed a complaint with the New Jersey Division of Consumer Protection, as well as complaints with members of Congress about Vanguard's conduct.